**FILED**

JUN 1 9 2009

Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEROY J. HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   **09 1125** |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint as frivolous.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(E)(1)(B). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges that he has been wrongly held in custody for 50 years, wrongly been made to urinate thousands of times, subjected to medical malpractice and carpel tunnel

1



syndrome, and "was not able to have marines, draft, army, home, credit & jobs of [his]

qualifications." Compl. at 1. He asks for "890 thousand zillion court actions and court orders,"

among other remedies. *Id.* at 4. Having reviewed plaintiff's complaint, it appears that its factual

contentions are baseless and wholly incredible. For these reasons, the complaint is frivolous and

must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date: 6/5/09

2